John P. IRVINE, on behalf of himself and all others similarly situated, Plaintiff,

v.

DESTINATION WILD DUNES MANAGEMENT, INC.; Destination Hotels & Resorts, Inc.; and Lowe Hospitality Group, Inc., Defendants.

Civil Action No. 2:15–980–RMG.

United States District Court, D. South Carolina, Charleston Division.

Signed Sept. 13, 2015.

Filed Sept. 14, 2015.

---

Joseph Scott Falls, Ashley Long Falls, Falls Legal, Charleston, SC, for Plaintiff.

Eric R. Magnus, Jackson Lewis PC, Atlanta, GA, Sandi R. Wilson, Andreas Neal Satterfield, Jr., Jackson Lewis PC, Greenville, SC, for Defendant.

## ORDER

RICHARD MARK GERGEL, District Judge.

Plaintiff has moved for the Court to strike sworn declarations obtained by Defendants' counsel from putative class members after the filing of this lawsuit and before the Court ruled on the motion for conditional class certification. (Dkt. No. 44). Plaintiff has characterized the one-one-one meetings between putative class members and defense counsel as "ex parte communications" and seeks an order prohibiting future meetings between putative class members and defense counsel without Plaintiff's counsel being present. (Dkt. No. 44–1 at 25). Defendants assert that the meetings were proper and that putative class members, all employees of Defendant, were told by defense counsel that the meetings were entirely voluntary. (Dkt. No. 55 at 28–31).

Based upon affidavits provided by three employees of Defendants who were then potential members of the putative class in this matter, employees were directed by a supervisory or human resources department employee of Defendants to report during work hours to a room to meet with defense counsel. (Dkt. Nos. 44–3, 44–4 and 44–11). When the employees appeared, they were told by the defense counsel that the meeting was voluntary. The employees were then provided a written statement to sign which described the nature of the pending FLSA litigation, disclosed that the employee may have an adverse interest to the Defendants and informed the employee that no retaliation would occur based upon their answers or willingness to participate. (Dkt. No. 55–2).

It is well settled that after a collective action has been filed and before a class certification motion has been ruled upon, an employer and/or its attorney are not prohibited from meeting with members of a putative class. *Longcrier v. HL–A Co., Inc.,* 595 F.Supp.2d 1218, 1225–26 (S.D.Ala.2009). Thus, any such communications were not ex parte. Where it can be shown by Plaintiff that a Defendant's communications are coercive, deceptive or otherwise improper, the Court is authorized to take steps to protect members of the potential class. *Quezada v. Schneider Logistics Transloading and Distritribution,* 2013 WL 1296761 at *4 (C.D.Cal.

2013). Since this Court has now conditionally certified the class in this matter, any motion to limit Defendants' contacts with putative class members in the future is moot.

The question remains what weight should be given to the sworn declarations procured by defense counsel from the one-on-one meetings with putative class members prior to conditional class certification. In a recent Fourth Circuit decision, *Brown v. Nucor Corp.*, 785 F.3d 895, 913–14 (4th Cir.2015), the Court observed that "common sense and prudence ... instruct" that affidavits obtained by an employer from employees who are putative class members after the filing of litigation "do little to rebut discrimination insofar as they were given under potentially coercive circumstances." Recognizing that a " 'unilateral communications scheme ... is rife with potential for coercion,' " the Fourth Circuit advised lower courts in assessing the probative value of such statements, to "proceed with eyes open to the imbalance of power and competing interests." *Id.* at 914 (citing *Quezada v. Schneider*, at *5).

■ A review of the record before the Court suggests that while defense counsel appears to have made an effort to communicate orally and in writing to Defendants' employees that their participation and statements were entirely voluntary, the reality was that the employees received a direct order from supervisory or human resource personnel to appear during work hours while on the company's clock. The employees, who were low-paid and at-will under South Carolina law, were made aware that their employer had been sued, was fighting the suit and sought the help of the employees in resisting the litigation. To accept Defendants' argument that the employees' statements were freely and voluntarily given without any hint of coercion, this Court would, as the Fourth Circuit observed in the landmark case of *Johnson*

*v. Branch*, 364 F.2d 177, 182 (4th Cir. 1966), "have to pretend not to know as judges what we know as men."

The challenged statements were presented to the Court by Defendants in opposition to the motion for conditional class certification. Since this motion has already been disposed of, the motion to strike the employee statements is moot. Any future effort by Defendants to use the employee statements will be evaluated by this Court under the standards established in *Brown v. Nucor Corp.* Further, in order that these statements not taint, in any way, the future discovery in this case, the parties are directed not to use the statements in the course of any depositions in this matter, including for purposes of impeachment of class members who may have signed such statements. Further, no party should attempt to use the statements at trial without the explicit authorization of the Court.

AND IT IS SO ORDERED.